[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, William D. Scarnati (Scarnati), alleges in this lawsuit that the defendant, Pepperidge Farm, Inc. (Pepperidge Farm), has breached certain consignment and distribution agreements with Scarnati. Scarnati alleges that these agreements, which were entered into on June 22, 1992, are entirely integrated and may only be modified by a writing. The plaintiff claims that the agreements entitled him to an exclusive right to distribute Pepperidge Farm's products within a specified area in Pennsylvania, that his sales territory is defined in both agreements, and includes a grocery store located on Swedesford Road known as Superfresh. Scarnati makes the following further allegations. Pursuant to said agreements, he began servicing this store beginning on June 22, 1992. Then, by interoffice memorandum dated June 13, 1996, Pepperidge Farm unilaterally modified the consignment and distributorship agreements by redefining a material term of the agreements such that the Superfresh store was no longer within his territory. On November 17, 1998, Pepperidge Farm terminated his computerized inventory ordering system, thus terminating his ability to service the Superfresh store. Count one of the amended complaint alleges breach of contract against Pepperidge Farm and seeks damages.
Count two is directed toward the defendant Gregory J. Rominger (Rominger), another consignee of Pepperidge Farm, realleges the allegations of count one and additionally alleges that Rominger is engaging in tortious conduct in servicing the Superfresh store that was formerly part of Scarnati's territory. Scarnati alleges that Rominger is servicing the territory with the consent, approval and authority of Pepperidge Farm, and seeks damages.
Count three realleges the allegations of count one and seeks a declaratory judgment that the consignment and distribution agreements are fully integrated; that the Superfresh store located at 450 W. Swedesford Road is within the plaintiff's territory; that Pepperidge Farm is enjoined from depriving Scarnati of this Superfresh store; that Scarnati is entitled to damages from lost sales; and that the June 13, 1996 memo is of no effect as to Scarnati.
Pepperidge Farm and Rominger (collectively Pepperidge Farm) filed an answer and counterclaim. In its counterclaim, Pepperidge Farm concedes that Scarnati serviced a Superfresh store that was indeed within his CT Page 6949 territory, but that this old Superfresh store was closed and a new Superfresh store was opened and that this new Superfresh store is not within Scarnati's territory, and concludes that it is entitled to a declaratory judgment to that effect.
The court addresses herein Pepperidge Farm's motion for summary judgment on its counterclaim and Scarnati's cross motion for summary judgment on his amended complaint.
Practice Book § 17-49 "provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material [fact] which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Rivera v.Double A Transportation, Inc., 248 Conn. 21, 24, 727 A.2d 204 (1999).
Pepperidge Farm moves for summary judgment on its counterclaim, arguing that "[t]here is no bona fide dispute" that the Superfresh store is within Rominger's territory rather than Scarnati's territory as the store's entrance is on Contention Road, a road not within Scarnati's territory and seeks a declaratory judgment to this effect. In support, Pepperidge Farm submits the affidavit of John H. Taglieber, the business development manager of Pepperidge Farm. In his affidavit, Taglieber avers that Scarnati and Rominger have adjoining territories in Pennsylvania wherein they are authorized to sell Pepperidge Farm's products; that Scarnati serviced a Superfresh store within his territory, but this store was closed in March of 1996; and that later that month, a new Superfresh store was opened. Pepperidge Farm argues that this new store (1) fronts Contention Road, and (2) is within Rominger's territory because Contention Road is within Rominger's territory. In support of its argument that the store fronts Contention Road, Pepperidge Farm submits three photographs of the Superfresh store; these photographs are attached as exhibits to the Taglieber affidavit. In addition, Pepperidge Farm submits both the Scarnati and the Rominger consignment agreements which declare that a "route customer's [establishment] fronting on any thoroughfare or boundary described herein . . . [is] deemed to belong to [that customer's] territory." (Emphasis added.) Pepperidge Farm also cites to its file memorandum, addressed to its field sales directors dated June 13, 1996, wherein the term "fronting" is explained. The CT Page 6950 memorandum states: "The term `fronting,' as used in our Consignment Agreements means quite simply `facing.' A store is `fronting' on the road which its primary entrance is facing. The street address of that store, while relevant, is not determinative of the road on which it is `fronting.'" Pepperidge Farm reasons that in construing the term "fronting," the "language used [in the agreement] must be accorded its common, natural, and ordinary meaning . . ." and that a"common, natural and ordinary" construction of the word `fronting' is that the term means facing. In support of its argument that the store is within Rominger's territory, Pepperidge Farm submits a map showing both the Scarnati and Rominger territories and that Contention Road is squarely within the Rominger territory. This map is also attached as an exhibit to the Taglieber affidavit. Pepperidge Farm concludes that insofar as there is no dispute that the new Superfresh store faces Contention Road, and insofar as there is no dispute that Contention Road is within Rominger's territory, Pepperidge Farm is entitled to summary judgment on its counterclaim, that is, a declaratory judgment that the new Superfresh store is within Rominger's exclusive territory of distribution of Pepperidge Farm products.
Scarnati argues in opposition that Pepperidge Farm is not entitled to a declaratory judgment that the new Superfresh store is within Rominger's territory claiming that the file memorandum dated June 13, 1996, which purports to define the term "fronting," is a legal nullity and not a modification of his consignment and distribution agreements. He claims he did not sign the letter and indeed, had no notice of it until November 1997, seventeen months after its issue. In addition, he argues that no new consideration was offered for this purported letter modification.
"We long have held that when the parties have deliberately put their engagements into writing, in such terms as import a legal obligation, without any uncertainty as to the object or extent of such engagement, it is conclusively presumed, that the whole engagement of the parties, and the extent and manner of their understanding, was reduced to writing." (Citation omitted; internal quotation marks omitted.) Tallmadge Bros. v.Iroquois Gas Transmission System, 252 Conn. 479, 502, ___ A.2d ___ (2000).
"The parol evidence rule does not of itself . . . forbid the presentation of parol evidence, that is, evidence outside the four corners of the contract concerning matters governed by an integrated contract, but forbids only the use of such evidence to vary or contradict the terms of such a contract. Parol evidence offered solely to vary or contradict the written terms of an integrated contract is, therefore, legally irrelevant. When offered for that purpose, it is inadmissible not because it is parol evidence, but because it is irrelevant. By CT Page 6951 implication, such evidence may still be admissible if relevant (1) to explain an ambiguity appearing in the instrument; (2) to prove a collateral oral agreement which does not vary the terms of the writing; (3) to add a missing term in a writing which indicates on its face that it does not set forth the complete agreement; or (4) to show mistake or fraud. . . . These recognized exceptions are, of course, only examples of situations where the evidence (1) does not vary or contradict the contract's terms, or (2) may be considered because the contract has been shown not to be integrated; or (3) tends to show that the contract should be defeated or altered on the equitable ground that relief can be had against any deed or contract in writing founded in mistake or fraud. . . ." (Citations omitted; Internal quotation marks omitted.) HLO LandOwnership A. LTD v. Hartford, 248 Conn. 350, 358-59, 727 A.2d 1260
(1999).
The court finds that the Scarnati and Rominger consignment agreements provide that a store is within a consignee's territory (1) if it is within the given metes and bounds description of that territory; or (2) if it is "fronting on any thoroughfare or boundary described herein. . . ." The court further finds that the term "fronting" is ambiguous because its meaning "cannot be gleaned definitively solely from the contractual language." HLO Land Ownership A. LTD v. Hartford, supra, 248 Conn. 360. The Pepperidge Farm file memo, addressed to its field sales directors dated June 13, 1996, is offered to explain the term "fronting" and does not alter the contract; thus, it is admissible as an exception to the parole evidence rule. See id., (parole evidence admissible to explain an ambiguity). The file memo states: "The term `fronting,' as used in our Consignment Agreements means quite simply `facing.' A store is `fronting' on the road which its primary entrance is facing. The street address of that store, while relevant is not determinative of the road on which it is `fronting.'" This court finds, however, that the file memorandum is itself ambiguous as to when a store's street address may be relevant to whether it fronts a particular road. Therefore, Pepperidge Farm has failed to show that there is no genuine issue of material fact that the term "fronting" definitively means facing, because Pepperidge Farm's own file memo indicates that there may be instances where a store's street address is relevant to determining whether that store fronts or faces a particular road. Pepperidge Farm's motion for summary judgment, seeking a declaratory judgment that the new Superfresh store is within Rominger's territory because it fronts or faces a road within his territory, is denied.
Scarnati cross moves for summary judgment as to count three, seeking a declaratory judgment that the Superfresh store is within his territory.[1]
In support, Scarnati submits a copy of literature from the Superfresh store, which literature locates the Superfresh address at 450 West CT Page 6952 Swedesford Road. Scarnati argues that because the store's address is on Swedesford Road, a road which the consignment and distribution agreements identify as within his territory, the store is within his territory. In addition, although Scarnati does not explicitly state that Pepperidge Farm waived enforcement of the fronting provision of the file memorandum, he implies that Pepperidge Farm did so because it allowed him to service the new Superfresh store until November of 1998, even after it issued the file memorandum in June of 1996.
The court denies Scarnati's cross motion for summary judgment on its third count, seeking a declaratory judgment that the new Superfresh store is within his territory and not Rominger' s. The court finds that Scarnati has failed to show that there is no genuine issue of material fact that the address of the new Superfresh store on Swedesford Road determines that it is within Scarnati's territory. As the court has indicated above, the file memo which purports to explain the term, "fronting," is ambiguous as to when a store "fronts" a road because its entrance faces that road and when a store "fronts" a road because its address is on that road.
This court additionally finds that Scarnati has failed to show that there is no genuine issue of material fact that Pepperidge Farm waived enforcing the "fronting" provision of the March 1996 file memo when it allowed Scarnati to service the new Superfresh store until November of 1998 after issuing the file memo in March of 1996. "Waiver is the intentional relinquishment of a known right. . . . Waiver need not be express, but may consist of acts or conduct from which a waiver may be implied. . . . In other words waiver may be inferred from the circumstances if it is reasonable to do so." (Citations omitted; internal quotations marks omitted.) Wadia Enterprises, Inc. v. Hirschfeld,224 Conn. 240, 251-52, 618 A.2d 506 (1992). In addition, "[w]aiver implied by a person's conduct . . . must be unequivocal and must allow room for no other explanation. . . ." (Citations omitted; internal quotation marks omitted.) Zenon v. R.E. Yeagher Management Corp.,57 Conn. App. 316, 317, ___ A.2d ___ (2000). Scarnati fails to supply this court with specifics as to the asserted waiver. Neither does Scarnati present evidence showing that the waiver was knowing.
Accordingly, this court denies Scarnati's cross motion for summary judgment as to count three, seeking a declaratory judgment that the new Superfresh store is within his territory.
In summary. Pepperidge Farm's motion for summary judgment and Scarnati's cross motion for summary judgment are each denied.
D'ANDREA, J. CT Page 6953